UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IVAN LAGUNA, and )
MARGARITA LOPEZ )
    Plaintiffs )
     )
v. )  C.A. No. 3:23-CV-30016
     )
LAZER SAFE, PTY, LTD, )
FIESSLER ELECTRONIK GmbH & CO., KG., )
ERMAK USA, INC., )
ERMAKSAN TURKEY, aka )
ERMAKSAN MAKINA SANAYI VE TICARET A.S., and )
JOHN DOE DISTRIBUTOR )
    Defendants )
     )

## SECOND AMENDED COMPLAINT WITH JURY CLAIM

### Parties

1. The Plaintiff, Ivan Laguna is an individual who resides at 173 Elm Street, West Springfield, Hampden County, Massachusetts.

2. The Plaintiff, Margarita Lopez, is married to the Plaintiff Ivan Laguna, and she resides at 78 Lincoln Street, West Springfield, Hampden County, Massachusetts.

3. Lazer Safe, PTY, LTD ("Lazer"), is a foreign corporation, with its principal place of business and manufacturing facility at 27 Action Road, Malaga WA 6090, Australia.

4. Fiessler Electronik GmbH & Co., KG ("Fiessler") is a foreign corporation, with its principal place of business and manufacturing facility at Buchenteich 14, D-73773, Aichwald, Germany.

5. Defendant Ermak USA, Inc. ("Ermak USA") is an Illinois corporation with its principal place of business at 2860 River Road, Suite 145. Des Plaines, Cook County, Illinois.

6. Defendant Ermaksan Turkey ("ERMAKSAN"), also known to operate under the brand name, "ERMAKSAN", also known as "ERMAKSAN MAKINA SANAYI VE TICARET A.S.," is a Turkish corporation with its principal place of business and manufacturing facility at, Organize Sanayi Bolgesi, Lacivert Cad. No: 6 16065, Nilufer, Bursa, Turkey.

7. Defendant John Doe Distributor ("JDD") is the currently unidentified distributor and seller of the Subject Machine (see paragraph 10, infra, which is incorporated by reference).

## Jurisdiction and Venue

8. This Honorable Court has personal jurisdiction over Defendants, as they actively conducted business in Massachusetts at all times relevant to this action.

9. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C., § 1332 because the Plaintiff and Defendants are citizens of different states and the Plaintiff seeks damages in excess of $75,000.00.

10. Venue is proper in this district pursuant to 28 U.S.C., §1391(b)(1) as the Plaintiff resides in Massachusetts and 28 U.S.C., § 1391(b)(2) because the accident occurred in Holyoke, Massachusetts.

## Facts

11. Defendant Ermak U.S.A. was the designer, manufacturer, tester, importer, supplier and/or distributor of a press brake machine and its controls: Type; CNCSAP 12X220; Model: 2007; Machine No.; SN20071136 (hereinafter the "Subject Machine"), acting in the course of business.

12. Defendant Ermaksan was the designer, manufacturer, tester, importer, supplier and/or distributor of the Subject Machine and its controls, acting in the course of business.

13. Defendant Lazer was a component designer, manufacturer, and installer, of the safety light curtain system, and control system, incorporated into the Subject Machine (hereinafter "the components") , acting in the course of business.

14. Defendant Fiessler was a component manufacturer, designer, and installer of the safety light/laser curtain system, and control system, incorporated into the Subject Machine (hereinafter "the components"), acting in the course of business.

15. Defendant JDD owned, sold, and/or distributed the Subject Machine.

16. The Subject Machine, its components and its controls were designed to bend metal products.

17. The Subject Machine, its components, and its controls, were designed, manufactured, tested, sold and installed by the Defendants with pinch points, known by the Defendants to present a constant risk of injury to the hands and fingers of the operators of the Subject Machine.

18. The Subject Machine components, and their controls, were designed to stop the Subject Machine, when the operator's hands or body entered the pinch point of the Subject Machine.

19. If the Subject Machine components, and their controls, had been reasonably and properly designed, installed, maintained, and/or operating, the Subject Machine components, and their controls, would have prevented the Plaintiff's injuries by stopping the Subject Machine before it crushed and cut the Plaintiff's fingers and hands, causing the amputation of eight of the Plaintiff's fingers.

20. Before September 29, 2020, Defendant JDD, Defendant Ermak USA, and Ermaksan, designed, manufactured, tested, imported, and/or distributed, supplied, and/or sold, the Subject Machine, its components, and its controls, to International Container Company, LLC or a related entity.

21. Before September 29, 2020, Defendant JDD, Defendant Lazer and/or Defendant Fiessler, designed, distributed, supplied, tested, imported, installed and/or sold the components, and their controls, to Defendants Ermaksan and/or Ermak USA and/or International Container Company, LLC, or a related entity.

22. On or about September 29, 2020, the Plaintiff, while working in the course of business for his employer International Container Company, LLC operated the Subject Machine, its components, and its controls, with due care when the machine injured him.

## COUNT I

### (Negligence against Ermak USA)

23. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1-21 and incorporates each as if fully set forth herein.

24. This count is for negligence and is brought by the Plaintiff against the Defendant Ermak USA.

25. The Defendant, Ermak USA, was negligent with respect to the design, manufacturing, testing, inspecting, distributing and selling the Subject Machine, its components, and its controls, and was negligent with respect to equipping the Subject Machine with inadequate safeguards, controls, warnings and/or instructions.

26. As a direct and proximate result of the Defendant, Ermak USA's negligence, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish

of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work, will lose time from work in the future; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the Plaintiff, Ivan Laguna, demands judgment against the Defendant Ermak USA, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT II

### (Breach of Implied Warranty against Ermak USA)

27. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 25 and incorporates each as if fully set forth herein.

28. This Count is for Breach of Implied Warranty and is brought by the Plaintiff against the Defendant, Ermak USA.

29. The Defendant, Ermak USA, impliedly warranted to the Plaintiff that the Subject Machine, its components, and its controls, were merchantable, safe, and fit for ordinary purposes.  The Defendant, Ermak USA, is a merchant with respect to goods of the kind involved in the accident.  The Subject Machine, component parts, and controls of the Subject Machine and the product warnings and instructions were defective, and therefore the Subject Machine was not, in fact, merchantable, safe and fit as warranted by the Defendant, Ermak USA.  The Defendant, Ermak USA, therefore breached these warranties to the Plaintiff.

30. As a direct and proximate result of the Defendant, Ermak USA's breaches of warranties, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred

medical expenses, lost time from work, will lose time from work in the future; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the Plaintiff Ivan Laguna, demands judgment against the Defendant Ermak USA, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT III

### (M.G.L. ch.93A Violation against Ermak USA)

31. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 29 of this complaint.

32. Plaintiff was a foreseeable user and operator of the Subject Machine, its components, and its controls, in the course of business.

33. The Defendant Ermak USA was a merchant, manufacturer, designer, tester, distributer, and or retailer of the Subject Machine, its components, and its controls, in the course of business.

34. The Defendant Ermak USA put the Subject Machine, its components, and its controls, into the stream of commerce with the intention to sell to a business such as the Plaintiff's employer, in the course of business.

35. The Defendant Ermak USA put the Subject Machine, its components, and its controls, in the stream of commerce and implied that is it is safe to be used by employees of businesses such as the Plaintiff's employer.

36. The Plaintiff reasonably believed the Subject Machine, its components, and its controls, were safe to be used in the course of business, and while he was operating the Subject

Machine, and its controls, the Plaintiff was caused severe injuries and damages due to a defect in the Subject Machine, and its controls.

37. The Defendant Ermak USA violated M.G.L. ch. 93A when the Subject Machine, its components, and its controls, injured the Plaintiff in the ordinary course of business, and foreseeable use of the Subject Machine, its components, and its controls.

WHEREFORE, the Plaintiff is entitled to multiple damages and attorneys fees and costs pursuant to M.G.L. ch. 93A.

## COUNT IV

### (Negligence against Ermaksan)

38. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1-34 and incorporates each as if fully set forth herein.

39. The count is for negligence and is brought by the Plaintiff against the Defendant, Ermaksan.

40. The Defendant, Ermaksan, was negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling the Subject Machine, its components, and its controls, and was negligent with respect to equipping the Subject Machine with inadequate safeguards, controls, warnings and/or instructions.

41. As the direct and proximate result of the Defendant, Ermaksan's negligence, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work, will lose time from work in the future; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the Plaintiff Ivan Laguna, demands judgment against the Defendant Ermaksan, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT V

**(Breach of Implied Warranty against Ermaksan)**

42. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1-38 and incorporates each as if fully set forth herein.

43. This Count is for Breach of Implied Warranty and is brought by the Plaintiff against the Defendant Ermaksan.

44. The Defendant, Ermaksan, impliedly warranted to the Plaintiff that the Subject Machine, its controls, and its component parts, were merchantable, safe and fit for ordinary purposes. The Defendant, Ermaksan, is a merchant with respect to the goods of the kind involved in the accident. The Subject Machine, its controls, and component parts of the Subject Machine and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by the Defendant, Ermaksan. The Defendant, Ermaksan, therefore breached these warranties to the Plaintiff.

45. As the direct and proximate result of the Defendant, Ermaksan's breaches of warranties, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work, will lose time from work in the future; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the Plaintiff Ivan Laguna, demands judgment against the Defendant Ermaksan, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT VI

### (M.G.L. ch.93A  Violation against Ermaksan)

43. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 42 of this complaint.

44. The Plaintiff was a foreseeable user and operator of the Subject Machine, and its controls, in the course of business.

45. The Defendant Ermaksan was a merchant, manufacturer, designer, tester, distributer, and or retailer of the Subject Machine, its components, and its controls, in the course of business.

46. The Defendant Ermaksan put the Subject Machine, its components, and its controls, into the stream of commerce with the intention to sell to a business such as the Plaintiff's employer, in the course of business.

47. The Defendant Ermaksan put the Subject Machine, its components, and its controls, in the stream of commerce and implied that is it is safe to be used by employees of businesses such as the Plaintiff's employer.

48. The Plaintiff reasonably believed the Subject Machine, its components, and its controls, were safe to be used in the course of business, and while he was operating the Subject Machine, its components, and its controls, the Plaintiff was caused severe injuries and damages due to a defect in the Subject Machine, and its controls.

49. The Defendant Ermaksan violated M.G.L. ch. 93A when the Subject Machine, its components, and its controls, injured the Plaintiff in the ordinary course of business, and during the foreseeable use of the Subject Machine, and its controls.

    WHEREFORE, the Plaintiff is entitled to multiple damages and attorneys' fees and costs pursuant to M.G.L. ch. 93A.

## COUNT VII

### (Negligence against Lazer)

50. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1-49 and incorporates each as if fully set forth herein.

51. This count is for negligence and is brought by the Plaintiff against the Defendant Lazer.

52. The Defendant, Lazer, was negligent with respect to the designing, inspecting, installing, testing, maintaining, distributing and selling the Subject Machine components, and their controls, and was negligent with respect to equipping the Subject Machine with inadequate light curtain safety devices, controls, safeguards, warnings and/or instructions.

53. As a direct and proximate result of the Defendant Lazer's negligence, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work, will lose time from work in the future; and his ability to engage in normal and usual activities has been adversely affected.

    WHEREFORE, the Plaintiff, Ivan Laguna, demands judgment against the Defendant Lazer, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT VIII

### (Breach of Implied Warranty against Lazer)

54. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 53 and incorporates each as if fully set forth herein.

55. This Count is for Breach of Implied Warranty and is brought by the Plaintiff against the Defendant, Lazer.

56. The Defendant Lazer, impliedly warranted to the Plaintiff that the Subject Machine, its controls, and its component parts were merchantable, safe, and fit for ordinary purposes. The Defendant, Lazer, is a merchant with respect to goods of the kind involved in the accident.  The Subject Machine, its controls, and/or the component parts of the Subject Machine, and the product warnings and instructions were defective, and therefore the Subject Machine, its components, and its controls, were not, in fact, merchantable, safe and fit as warranted by the Defendant, Lazer.  The Defendant Lazer, therefore, breached these warranties to the Plaintiff.

57. As a direct and proximate result of the Defendant, Lazer's breaches of warranties, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work, will lose time from work in the future; and his ability to engage in normal and usual activities has been adversely affected.

   WHEREFORE, the Plaintiff Ivan Laguna, demands judgment against the Defendant Lazer, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT IX

### (M.G.L. ch.93A  Violation against Lazer)

58. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 57 of this complaint.

59. The Plaintiff was a foreseeable user and operator of the Subject Machine, its components, and its controls, in the course of business.

60. The Defendant Lazer was a merchant, manufacturer, designer, tester, distributer, and or retailer of the Subject Machine, its components, and its controls, in the course of business.

61. The Defendant Lazer put the Subject Machine, its components, and its controls, into the stream of commerce with the intention to sell to a business such as the Plaintiff's employer, in the course of business.

62. The Defendant Lazer put the Subject Machine, its components, and its controls, in the stream of commerce and implied that is it is safe to be used by employees of businesses such as the Plaintiff's employer.

63. The Plaintiff reasonably believed the Subject Machine, its components, and its controls, were safe to be used in the course of business, and while he was operating the Subject Machine, its components, and its controls, the Plaintiff was caused severe injuries and damages due to a defect in the Subject Machine, its components, and its controls.

76. The Defendant Lazer violated M.G.L. ch. 93A when the Subject Machine, its components, and its controls, injured the Plaintiff in the ordinary course of business, and during the foreseeable use of the Subject Machine, its components, and its controls.

WHEREFORE, the Plaintiff is entitled to multiple damages and attorneys' fees and costs pursuant to M.G.L. ch. 93A.

## COUNT X

**(Negligence against Fiessler)**

64. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1-64 and incorporates each as if fully set forth herein.

65. This count is for negligence and is brought by the Plaintiff against the Defendant Fiessler.

66. The Defendant, Fiessler was negligent with respect to the designing, inspecting, installing, testing, maintaining, distributing and selling the Subject Machine components, and was negligent with respect to equipping the Subject Machine with inadequate light curtain safety devices, safeguards, warnings and/or instructions.

67. As a direct and proximate result of the Defendant Fiessler's negligence, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work, will lose time from work in the future; and his ability to engage in normal and usual activities has been adversely affected.

   WHEREFORE, the Plaintiff, Ivan Laguna, demands judgment against the Defendant Fiessler, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT XI

**(Breach of Implied Warranty against Fiessler)**

68. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 68 and incorporates each as if fully set forth herein.

69. This Count is for Breach of Implied Warranty and is brought by the Plaintiff against the Defendant, Fiessler.

70. The Defendant Fiessler, impliedly warranted to the Plaintiff that the Subject Machine and its components, and their controls, were merchantable, safe, and fit for ordinary purposes. The Defendant, Fiessler, is a merchant with respect to goods of the kind involved in the accident.  The Subject Machine, its components, and/or its controls, and the product warnings and instructions were defective, and therefore the Subject Machine, its components, and its controls, were not, in fact, merchantable, safe and fit as warranted by the Defendant, Fiessler.  The Defendant Fiessler, therefore, breached these warranties to the Plaintiff.

71. As a direct and proximate result of the Defendant, Fiessler's breaches of warranties, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work, will lose time from work in the future; and his ability to engage in normal and usual activities has been adversely affected.

   WHEREFORE, the Plaintiff Ivan Laguna, demands judgment against the Defendant Fiessler, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT XII

### (M.G.L. ch.93A   Violation against Fiessler)

73. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 72 of this complaint.

74. The Plaintiff was a foreseeable user and operator of the Subject Machine, its components, and its controls, in the course of business.

75. The Defendant Fiessler was a merchant, manufacturer, designer, tester, distributer, and or retailer of the Subject Machine, its components, and its controls, in the course of business.

77. The Defendant Fiessler put the Subject Machine, its components, and its controls, into the stream of commerce with the intention to sell to a business such as the Plaintiff's employer, in the course of business.

78. The Defendant Fiessler put the Subject Machine, its components, and its controls, in the stream of commerce and implied that is it is safe to be used by employees of businesses such as the Plaintiff's employer.

79. The Plaintiff reasonably believed the Subject Machine, its components, and its controls, were safe to be used in the course of business, and while he was operating the Subject Machine, its components, and its controls, the Plaintiff was caused severe injuries and damages due to a defect in the Subject Machine, its components, and its controls.

80. The Defendant Fiessler violated M.G.L. ch. 93A when the Subject Machine, its components, and its controls, injured the Plaintiff in the ordinary course of business, and during the foreseeable use of the Subject Machine, its components, and its controls. WHEREFORE, the Plaintiff is entitled to multiple damages and attorneys' fees and costs pursuant to M.G.L. ch. 93A.

## COUNT XIII

**(Negligence against JDD)**

81. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1-80 and incorporates each as if fully set forth herein.

82. This count is for negligence and is brought by the Plaintiff against the Defendant JDD.

83. The Defendant, JDD was negligent with respect to the designing, inspecting, installing, testing, maintaining, distributing and selling the Subject Machine components, and was negligent with respect to equipping the Subject Machine with inadequate light curtain safety devices, safeguards, warnings and/or instructions.

84. As a direct and proximate result of the Defendant JDD's negligence, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work, will lose time from work in the future; and his ability to engage in normal and usual activities has been adversely affected.

   WHEREFORE, the Plaintiff, Ivan Laguna, demands judgment against the Defendant JDD, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT XI

### (Breach of Implied Warranty against JDD)

85. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 84 and incorporates each as if fully set forth herein.

86. This Count is for Breach of Implied Warranty and is brought by the Plaintiff against the Defendant, JDD.

87. The Defendant JDD, impliedly warranted to the Plaintiff that the Subject Machine and its components, and their controls, were merchantable, safe, and fit for ordinary purposes.

The Defendant, JDD, is a merchant with respect to goods of the kind involved in the accident. The Subject Machine, its components, and/or its controls, and the product warnings and instructions were defective, and therefore the Subject Machine, its components, and its controls, were not, in fact, merchantable, safe and fit as warranted by the Defendant, JDD. The Defendant JDD, therefore, breached these warranties to the Plaintiff.

88. As a direct and proximate result of the Defendant, JDD's breaches of warranties, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work, will lose time from work in the future; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the Plaintiff Ivan Laguna, demands judgment against the Defendant JDD, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT XII

**(M.G.L. ch.93A  Violation against JDD)**

89. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 88 of this complaint.

90. The Plaintiff was a foreseeable user and operator of the Subject Machine, its components, and its controls, in the course of business.

91. The Defendant JDD was a merchant, manufacturer, designer, tester, distributer, and or retailer of the Subject Machine, its components, and its controls, in the course of business.

92. The Defendant JDD put the Subject Machine, its components, and its controls, into the stream of commerce with the intention to sell to a business such as the Plaintiff's employer, in the course of business.

93. The Defendant JDD put the Subject Machine, its components, and its controls, in the stream of commerce and implied that is it is safe to be used by employees of businesses such as the Plaintiff's employer.

94. The Plaintiff reasonably believed the Subject Machine, its components, and its controls, were safe to be used in the course of business, and while he was operating the Subject Machine, its components, and its controls, the Plaintiff was caused severe injuries and damages due to a defect in the Subject Machine, its components, and its controls.

95. The Defendant JDD violated M.G.L. ch. 93A when the Subject Machine, its components, and its controls, injured the Plaintiff in the ordinary course of business, and during the foreseeable use of the Subject Machine, its components, and its controls.  WHEREFORE, the Plaintiff is entitled to multiple damages and attorneys' fees and costs pursuant to M.G.L. ch. 93A.

## COUNT XII

**(Margarita Lopez loss of consortium against all Defendants)**

96. Paragraphs 1-95 are adopted by reference.

97. At all times relevant to this lawsuit, Plaintiff Ivan Laguna was legally married to Plaintiff Margarita Lopez.

98. As a direct and proximate result of this incident, involving the actions, and/or omissions of the Defendants, Ermak USA, Ermaksen, Lazer, Fiessler, and JDD, the Plaintiff

Margarita Lopez, lost the care, comfort, income, society, and consortium of her husband, Ivan Laguna.

WHEREFORE, the Plaintiff Margarita Lopez, demands judgment against all Defendants in an amount sufficient to compensate her for her losses and damages, together with interest and costs.

THE PLAINTIFF CLAIMS A TRIAL BY JURY AS TO ALL ISSUES

        IVAN LAGUNA and
        MARGARITA LOPEZ,
        By their attorneys,

        /s/ Michael J. Mascis
        _____
        Richard J. Sullivan, Esq.
        BBO# 554085
        Michael J. Mascis, Esq.
        BBO# 541772
        SULLIVAN & SULLIVAN, LLP
        83 Walnut Street
        Wellesley, MA  02481
        (781) 263-9400
        rsullivan@sullivanllp.com
        mmascis@sullivanllp.com

Dated: April 7, 2023