UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IVAN LAGUNA and MARGARITA LOPEZ,<br>　　　　Plaintiffs,<br><br>v.<br><br>LAZER SAFE, PTY, LTD, FIESSLER ELECTRONIK GmbH & CO., KG., ERMAK USA, INC., ERMAKSAN TURKEY a/k/a ERMAKSAN MAKINA SANAYI VE TICARET A.S., and JOHN DOE DISTRIBUTOR,<br>　　　　Defendants. | C.A. No. 3:23-cv-30016-KAR |

## DECLARATION OF IAN COSTLEY IN SUPPORT OF LAZER SAFE PTY LTDS' MOTION TO DISMISS

I, Ian Costley, under penalty of perjury pursuant to the laws of the United States of America, declare and affirm that the following statements are true and correct.

1. I am the Chief Executive Officer of Lazer Safe Pty Ltd (Lazer Safe). I have personal knowledge about the business operations and corporate structure of Lazer Safe.

2. The facts set forth in this declaration are true and correct and are based upon information personally known to me or made upon information and belief after appropriate investigation.

3. Lazer Safe is a privately-owned company organized under the laws of Australia with its principal place of business in Perth, Western Australia.

4. Lazer Safe is not incorporated, registered or licensed to do business in Massachusetts.

5. Lazer Safe has had no and has no employees and/or assets in Massachusetts.

6. Lazer Safe has not employed and does not employ any management personnel in Massachusetts.

7. Lazer Safe has no agent for service of process in Massachusetts.

8. Lazer Safe has not maintained and does not maintain any office, facility, mailing address or telephone listing in Massachusetts.

9. Lazer Safe has not and does not lease or own property in Massachusetts.

10. Lazer Safe has not sold and does not sell any products in Massachusetts.

11. Lazer Safe has not and does not perform services for any person or firm in Massachusetts.

12. Lazer Safe has not had and does not have a bank account in Massachusetts, and has not and does not pay taxes in Massachusetts.

13. Lazer Safe has not consented and does not consent to be sued in the state or federal courts of Massachusetts.

14. Lazer Safe has never conducted or directed any advertising or marketing activities to or in Massachusetts.

15. Lazer Safe maintains a website domain directed to North America but it is not directed specifically to Massachusetts.

16. Lazer Safe has earned no income from Massachusetts.

17. Lazer Safe produces all of its close proximity guards in Perth, Western Australia.

18. In selling our components to Ermaksan Turkey, Lazer Safe had no knowledge that any of its products or components would eventually be shipped to and used in Massachusetts.

19. Lazer Safe did not sell, package, ship or introduce any of its products into Massachusetts, and Lazer Safe had no knowledge or information that any of its products might end up in Massachusetts.

20. Lazer Safe was in no way involved with and had no business dealings with Ermaksan USA regarding the press brake machine described in the plaintiffs' Second Amended Complaint or its component parts, and had no part in its marketing, shipping distribution, shipping, or sale. Massachusetts.

21. At the time of the sale of its products to Ermaksan Turkey, the ultimate purchaser/user of any assembled machine and its location were not known to Lazer Safe.

22. Although Lazer Safe shipped products to the machine manufacturer in Turkey, Lazer Safe did not know onto what specific machine they would eventually be mounted and did not know that any Lazer Safe product would end up in Massachusetts.

23. With respect to the transactions, events and occurrences made the basis of this lawsuit, Lazer Safe did not enter Massachusetts, did not engage or participate in any activity or conduct in Massachusetts, did not direct or transmit any activity or event to or into Massachusetts, did not avail itself of any business activity or benefit directly from Massachusetts, and had no presence in Massachusetts at all. All activities undertaken by Lazer Safe regarding its products and components were performed in Perth, Western Australia.

24. We have never sold any product into Massachusetts or earned any income from Massachusetts.

25. I have read the foregoing declaration, and the factual statements contained therein are true and correct to the best of my knowledge, information and belief.

Signed and sworn, by Ian Costley, under penalty of perjury pursuant to the laws of the United States of America this 4th day of DECEMBER, 2023.

Date: 04 DEC 2023

Ian Costley

## **CERTIFICATE OF SERVICE**

       I, John J. Jarosak, hereby certify the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 6, 2023

                                      */s/ John J. Jarosak*
                                      John J. Jarosak