UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IVAN LAGUNA and MARGARITA LOPEZ,<br>  Plaintiffs,<br><br>v.<br><br>LAZER SAFE, PTY, LTD,<br>FIESSLER ELECTRONIK GmbH & CO., KG.,<br>ERMAK USA, INC.,<br>ERMAKSAN TURKEY a/k/a<br>ERMAKSAN MAKINA SANAYI VE<br>TICARET A.S., and JOHN DOE DISTRIBUTOR,<br>  Defendants. | C.A. No. 3:23-cv-30016-MGM |

**OPPOSITION OF DEFENDANT LAZER SAFE, PTY, LTD
TO PLAINTIFFS' COUNTER-MOTION FOR JURISDICTIONAL DISCOVERY**

Defendant Lazer Safe, Pty, Ltd., ("Lazer" or "Defendant") hereby opposes the Plaintiffs' Cross-Motion to Stay Hearing On Motion to Dismiss and for Jurisdictional Discovery, on the basis that the plaintiffs have not established their entitlement to any "jurisdictional discovery," because the "evidence" submitted in connection with the Opposition and Counter-Motion suggests only that (1) the components manufactured by Lazer were not, in fact, purchased directly from Lazer, but via Ermak USA, Inc.; (2) that a Texas-based entity sells and services "Lazer Safe" products. These documents and allegations insufficient to justify an intercontinental fishing expedition.

1

JURISDICTIONAL ALLEGATIONS AND EXHIBITS

*Allegations in Plaintiffs' Second Amended Complaint*

Defendant Lazer Safe, Pty, Ltd ("Lazer") is -- as plaintiffs admit – a corporation organized under the laws of Australia. *See* Pl. 2nd Am. Compl. at ¶ 31. Plaintiffs' Second Amended Complaint seeks recovery exclusively from entities whose business and activities occur outside the Commonwealth of Massachusetts: Defendants Ermak Makina Sanayi Ve Ticaret, A.S., ("Ermak") a press brake manufacturer headquartered in Turkey, and Fiessler Elektronik GmbH & Co. KG ("Fiessler"), a component manufacturer headquartered in Germany, and Lazer, a component manufacturer headquartered in Australia. Plaintiffs' Second Amended Complaint contains no allegations that Lazer engaged in any conduct within the Commonwealth of Massachusetts, and alleges no contact between Lazer and the Commonwealth of Massachusetts.

*Exhibits to Counter-Motion*

Plaintiffs have submitted various documents in support of their Opposition and Counter-Motion:

**Exhibit 1** is an email that appears to be from "Ken Searles" at "International Container Co." to "S. Rodoplu" at "Ermak USA." Several people appear on the "CC" and "To" lines, all with either "Ermak USA" or "International Container Co." addresses. The subject of the email is "Ermaksan Press Break." Mr. Searles posits that the press brake may have a problem with the "lazer guard in the rear."

**Exhibit 2** appears to be a photograph of a screen, presumably, that of the press brake at issue.

**Exhibit 3** is an email from Senol Rodoplu, at Ermak USA, to Mr. Searles. There are other individuals on the recipient list, all apparently associated with Ermak USA or International Container Co. The content concerns a quote for a compatible light guard. There is also a reference to a "Spare Part Department."

**Exhibit 4** is a photograph of a serial or model number plate. "Lazer Safe Pty LTD" and "Perth – Western Australia" appear on the far left side.

**Exhibit 5** is a photograph of a faded "Lazersafe" logo on the shiny metal surface of a component or machine. A yellow and black sticker is displayed near or over the logo, and says "Laser Light" in three languages: English, French, and German.

**Exhibit 6** is a screen shot of, presumably, a website, without the URL visible. It appears to be a listing for "Lazer Safe." There is an address provided in Australia. There is, what appears to be, a list of "related content" beneath.

**Exhibit 7** appears to be text and links from the "About" page of a YouTube channel, for Lazer Safe. It is not a screenshot. It is not clear how the matter was captured, or when. There is a note that the location for the channel is "Australia."

**Exhibit 8** seems to be a listing or page from a search engine, showing that Lazer Safe has a twitter handle, "@lazersafe."

**Exhibit 9** seems to be Lazer Safe Pty Ltd's profile on LinkedIn, if viewed while not signed in. The URL is not shown. The date of the visit is unclear; it is not clear whether the document shows a complete screenshot, or matter captured otherwise.

**Exhibit 10** is, it seems, one or more pages from LazerSafe.com. The complete URL is not shown. The date of capture is unclear.

**Exhibit 11** appears to be marketing materials for LazerSafe. It is unclear when these were obtained, or the date produced. No part of Exhibit 11 permits a user to purchase products directly from Lazer Safe. No part of Exhibit 11 represents that Lazer Safe has a location within Massachusetts, or does business there.

**Exhibit 12** appears to be a screenshot, or partial screenshot, of a website for THCO, LLC. No URL is visible. The date the matter was retrieved is unclear.

ARGUMENT

"A diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of *in personam* jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 625 (1st Cir. 2001) (quoting *Sunview Condominium Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964 (1st Cir.1997)). "However, that entitlement is not absolute." *Id.* "A plaintiff who seeks jurisdictional discovery must make 'a colorable claim of jurisdiction' and must show that it "has been diligent in preserving [its] rights to be entitled to jurisdictional discovery." *Motus, LLC v. CarData Consultants, Inc.,* 23 F.4th 115, 128 (1st Cir. 2022). "A party must identify a non-frivolous dispute about facts that may yield a sufficient predicate for *in personam* jurisdiction." *Id.*

Plaintiff has offered, in place of "colorable" evidence, two categories of material: (1) Matter concerning the acts and actions of other parties – Ermak USA and THCO, LLC – who import, distribute, or use Lazer Safe components in the United States; and (2) Matter taken from the internet, showing, broadly, that Lazer Safe has a general awareness that its products enter the stream of commerce and may be used outside of Australia. Neither bolster the plaintiffs' claim of

4

jurisdiction; neither so much as suggest that **Lazer Safe** conducted any business, held any assets, or engaged in any activity within the Commonwealth of Massachusetts.

Courts in the First Circuit have held that similar showings were not sufficient to establish entitlement to jurisdictional discovery. *See Tice v. Taiwan Shin Yeh Enter. Co.,* 608 F. Supp. 2d 119, 125 (D. Me. 2009) (as demonstration of a manufacturer's "awareness" that its products make their way into a jurisdiction through the actions of others is insufficient for jurisdiction, a desire to interrogate the manufacturer further about these networks was insufficient to justify jurisdictional discovery); *Sun Life Assur. Co. of Canada v. Sun Bancorp, Inc*, 946 F. Supp. 2d 182, 193 (D. Mass. 2012) (plaintiff's hope that dissecting the relationship between the in-state non-party and out-of-state defendant bank would yield "contacts" between the defendant and the Commonwealth was insufficient to justify jurisdictional discovery); *Mullane v. Breaking Media, Inc.,* No. CV 18-12618-PBS, 2019 WL 5588961, at 11 (D. Mass. Aug. 13, 2019), *aff'd*, No. 20-1061, 2021 WL 3027150 (1st Cir. Feb. 26, 2021) (the availability of a website within Massachusetts, and the fact that the website was widely read by law students, many of whom attend school in Massachusetts, was insufficient to justify an exercise of jurisdiction, or permit discovery on the subject of Massachusetts-source revenue).

Plaintiffs have not plausibly alleged– nor do the documents appended to their motion suggest – that Lazer Safe conducted or undertook any within-Commonwealth or Commonwealth-directed acts, actions, or transactions, that could be substantiated by targeted discovery. Plaintiffs' Counter-Motion for Jurisdictional Discovery must be denied.

CONCLUSION

Defendant Lazer Safe Pty Ltd respectfully requests that the Plaintiffs' Cross-Motion to Allow Jurisdictional Discovery be denied.

>Respectfully submitted,
>The Defendant,
>LAZER SAFE, PTY, LTD,
>By its attorneys,
>
>*/s/ Nora R Adukonis*
>John J. Jarosak, BBO #545998
>Nora R. Adukonis, BBO #676932
>LITCHFIELD CAVO LLP
>6 Kimball Lane, Suite 200
>Lynnfield, MA 01940
>(781) 309-1500
>jarosak@litchfieldcavo.com
>adukonis@litchfieldcavo.com

## CERTIFICATE OF SERVICE

    I, Nora R Adukonis, hereby certify the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 12, 2024.

                              */s/ Nora Adukonis*