UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IVAN LAGUNA and | ) | |
| MARGARITA LOPEZ | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. No. 3:23-CV-30016 |
| | ) | |
| LAZER SAFE, PTY, LTD, | ) | |
| FIESSLER ELECTRONIK GmbH & CO., KG., | ) | |
| ERMAK USA, INC., | ) | |
| ERMAKSAN TURKEY, aka | ) | |
| ERMAKSAN MAKINA SANAYI VE TICARET | ) | |
| A.S., and | ) | |
| JOHN DOE DISTRIBUTOR | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT ERMAKSAN TURKEY'S MEMORANDUM OF LAW IN SUPPORT OF ITS RENEWED MOTION TO DISMISS

NOW COMES, Defendant Ermaksan Turkey aka Ermaksan Makina Sanayi Ve Ticaret ("Ermaksan" or "Defendant"), by and through undersigned counsel, renews its prior motion to dismiss Plaintiffs Ivan Laguna and Margarita Lopez's ("Plaintiffs") Second Amended Complaint under Federal Rule 12(b)(2) for lack of personal jurisdiction. In support of this Motion, the Defendant states the following:

## INTRODUCTION

Plaintiffs bring four claims against Ermaksan allegedly arising from the use of a press brake machine. Those claims include negligence, breach of implied warranty, violation of Massachusetts General Law Chapter 93A, and loss of consortium. Ermaksan moved to dismiss for lack of jurisdiction on September 7, 2023. After complying with the jurisdictional discovery requests authorized by the Court, Ermaksan renews its motion to dismiss. Plaintiffs have

continued to fail to establish that personal jurisdiction exists over Defendant Ermaksan. Therefore, Ermaksan should be dismissed from this case.

## FACTS

Ermaksan manufactured a press brake machine, Type; CNCSAP 12X220; Model: 2007; Machine No.; SN20071136 ("Subject Machine") in or prior to 2007. The Subject Machine is used to bend metal. However, Ermaksan did not sell the Subject Machine to any company or person in Massachusetts. Declaration of Serhan Senyurt, **Exhibit A** to this Motion and Memorandum, at ¶ 14. Rather, in 2007, the Subject Machin was sold to AJ Machinery, a company based in Minnesota. Senyurt Dec. ¶ 15. Ermaksan also not and does not sell any products in Massachusetts and does not ship its machines to customers in Massachusetts or anywhere else. *See id.*, ¶¶ 8-9. Instead, customers pick up the product from Turkey. Senyurt Dec. ¶ 9. Therefore, the buyer AJ Machinery, was responsible for transportation of the product from Ermaksan's factory in Turkey. Senyurt Dec. ¶ 16.

In selling the Subject Machine to AJ Machinery, from Turkey, Ermaksan had no control over the destination of the machine and did not have knowledge that it would eventually be transported, used, or sold in Massachusetts. Senyurt Dec. ¶ 17. In fact, Ermaksan has never communicated with or done business with Cape Cod Fabrications, the company Plaintiff's employer bought the Subject Machine from. *See* Senyurt Dec. ¶ 26. Ermaksan also was not involved in the alteration, change, or replacement of the warning labels on the Subject Machine. Senyurt Dec. ¶ 25. Ermaksan machines complied with and still comply with CE standards that certify its product has met EU health, safety, and environment requirements which ensure consumer safety. Senyurt Dec. ¶ 28. On or about September 29, 2020, Plaintiff Laguna was injured allegedly while working with the Subject Machine.

2

On February 14, 2023, the Plaintiffs filed the Complaint which commenced this action, they filed their Amended Complaint on March 6, 2023, and filed their Second Amended Complaint on April 4, 2023. On September 7, 2023, Defendants filed their first Motion to Dismiss under Federal Rule 12(b)(6) and Rule 12(b)(2) for failure to allege sufficient facts to state a plausible claim against Defendants Ermak USA, Inc. ("Ermak USA") and Ermaksan and for lack of personal jurisdiction over Ermaksan. Now, Defendant Ermaksan moves to renew its motion to dismiss under Federal Rule 12(b)(2) for lack of personal jurisdiction.

Throughout the various pleadings, jurisdictional discovery and testimony, there are no facts to establish that Ermaksan has any ties or connections to the forum state of Massachusetts. This is further supported by Serhan Senyurt, the Chief of International Sales and Project & Coordination Executive of Ermaksan. See Senyurt Dec., ¶ 1. Ermaksan is a privately-owned company organized under the laws of Turkey, with its principal place of business in Bursa, Turkey. Senyurt Dec. ¶ 3. It is not incorporated, registered, or licensed to do business in Massachusetts. Senyurt Dec. ¶ 4. Additionally, Ermaksan does not have employees, assets, offices, or facilities in Massachusetts, nor does it have an agent for service of process in this state. *See* Senyurt Dec. ¶¶ 5-6.

Ermaksan does not own or lease any property in Massachusetts either. Senyurt Dec. ¶ 7. Further, Ermaksan has earned no income from sales in Massachusetts. *Id.*, ¶ 13. It does not have a bank account or pay taxes in Massachusetts and has not and does not consent to being in the State or Federal Court of Massachusetts. Senyurt Dec. ¶¶ 10-11. Also, Ermaksan does not receive income and never has received income from the cookies on its website, ermaksan.com.tr. Senyurt Dec. ¶ 27. Additionally, it has not directly conducted any advertising or marketing activities to or in Massachusetts. Senyurt Dec. ¶ 12. It has not participated in any tradeshow in

Massachusetts and does not directly service products in the United States. Senyurt Dec. ¶¶ 18-19. Instead, Ermaksan forwards all service enquiries for its machines from the United States to Ermak USA. Senyurt Dec. ¶ 20. It is Ermak USA that markets, distributes, and services Ermaksan products in the United States. Senyurt Dec. ¶ 21.

The testimony of Ermak USA's corporate representative supports Ermaksan's declaration. "Ermak USA sells products made by Ermaksan Turkey and services them, provide service and spare parts for Ermaksan products." See Deposition of Senol Rodoplu, attached as **Exhibit B**, at p. 9:10-12. Ermak USA's representative also testified that Ermak USA employs its own salespeople, training personnel, as well as technicians who service the machines that are sold in the United States. See Ex. B, at p. 10-11. Further, the deposition testimony was unequivocal that any sales into the Commonwealth of Massachusetts were done either directly by Ermak USA or through distributors (from Ermak USA) See Ex. B, at p. 20-21.

Ermak USA's representative also establishes that Ermak USA is a privately-owned corporation formed under the laws of Illinois in 2010, with its principal place of business in the United States. Declaration of Senol Rodoplu, **Exhibit C** to this Motion and Memorandum, at ¶ 3. Additionally, Ermak USA is not a subsidiary of Ermaksan, nor does it have a parent-company relationship with Ermaksan. Rodoplu Dec. ¶ 5. Ermaksan does not own Ermak USA and is a completely separate legal entity from Ermak USA. Rodoplu Dec. ¶ 6. Ermak USA acts completely independently of Ermaksan, has separate management, and keeps its own separate records from Ermaksan. *See* Rodoplu Dec. ¶¶ 7-9. These same facts are further supported by Serhan Senyurt, who has stated that Ermaksan does not own Ermak USA and Ermak USA is not a subsidiary of Ermaksan. Senyurt Dec. ¶ 22. It is further emphasized that Ermaksan and Ermak USA have separate management and keep separate records. Senyurt Dec.¶ 23.

Plaintiff conducted depositions of three Ermak USA employees, in accordance with the Court's order authorizing jurisdictional discovery. However, even with these depositions, Plaintiffs still cannot establish jurisdiction over Ermaksan. For example, one of these depositions was of Yilmaz Hulya who testified that Ermak USA was a supplier for Ermaksan. Deposition of Yilmaz Hulya, attached as **Exhibit D**, at p. 12:22. Yilmaz also testified that she was an employee of "Ermak USA" not "Ermaksan" and that has remained consistent throughout her employment. Ex. D, at p. 12. Yilmaz also testified that while Ermak USA orders parts from Ermaksan, she was unaware if Ermaksan ever shipped items directly to Massachusetts. Ex. D, at p. 27.

The record in this matter clearly establishes that Ermaksan does not have any ties with the state of Massachusetts. Furthermore, the record is consistent in demonstrating that Ermak USA is a supplier and seller of Ermaksan machines but acts completely separate from Ermaksan. Plaintiffs have failed to establish jurisdiction over Ermaksan and therefore, Ermaksan now respectfully requests that this Court dismiss it under Federal Rule 12(b)(2).

## ARGUMENT

I.    **Plaintiffs have failed to establish personal jurisdiction over Defendant Ermaksan.**

    a.    **Legal Standards**

To establish personal jurisdiction, the requirements of both the Massachusetts long-arm statute and the Due Process Clause of the Fourteenth Amendment must be satisfied. *Dillon Boiler Servs., Co. Inc. v. Soundview Vermont Holdings, LLC*, 392 F. Supp. 3d 187, 190 (D. Mass. 2019); *see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 290, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *see also United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610, 618 (1st Cir. 2001).

In order to satisfy the long-arm statute of M.G.L. c. 223A, § 3, a non-resident defendant must meet one of the following requirements: (a) transacting business in Massachusetts; (b) contracting to supply services or things in Massachusetts; (c) causing tortious injury in Massachusetts while in Massachusetts; (d) causing tortious injury in Massachusetts by an act or omission outside of Massachusetts if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in Massachusetts; (e) having an interest in, using or possessing real property in Massachusetts; or (f) contracting to insure a person or property in Massachusetts.

Furthermore, to satisfy the Due Process clause, Plaintiffs must prove there is specific or general jurisdiction over Ermaksan. *Dillon*, at 190. General jurisdiction is where a corporation is regarded as at home due to its continuous and systematic affiliations. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011). On the other hand, specific jurisdiction requires that the litigation arises out of the defendant's forum-state activities, that the defendant purposefully avails itself in conducting activities in the forum state, and that the exercise of jurisdiction is reasonable. *See Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016).

Here, Plaintiffs have continuously failed to establish the requisite "certain minimum contacts" Ermaksan must have with Massachusetts to justify the exercise of personal jurisdiction, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash. Office of Unemployment,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant himself that create a substantial

connection with the forum State." *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal. Solano County*, 480 U.S. 102, 109 (1987).

Furthermore, when considering a Rule 12(b)(2) motion without an evidentiary hearing, a district court uses the prima facie standard to evaluate whether it has personal jurisdiction over the defendant. *Dillon Boiler Servs., Co. Inc. v. Soundview Vermont Holdings*, LLC, 392 F. Supp. 3d 187, 189 (D. Mass. 2019). Under the prima facie standard, courts look at whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction. *Id.; Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 121 (1st Cir. 2022). Also under this standard, a showing of personal jurisdiction must be based on evidence of specific facts set forth in the record. *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992). In other words, the plaintiff must go beyond the pleadings and make affirmative proof showing personal jurisdiction. *See id*.

To defeat a motion to dismiss for lack of personal jurisdiction, plaintiff must do more than simply surmise the existence of a favorable factual scenario; he must verify the facts alleged through materials of evidentiary quality. *See Barrett v. Lombardi*, 239 F.3d 23, 27 (1st Cir. 2001); *see also Killion v. Commonwealth Yachts,* 421 F.Supp.2d 246, 252 (D. Mass. 2006) (internal citation omitted). Here, Plaintiffs have failed to do so. Plaintiffs have not only failed to satisfy the Massachusetts long-arm statute, but they fail to establish jurisdiction under the Due Process Clause of the Fourteenth Amendment. Thus, for the reasons set forth, this Court should dismiss Ermaksan for lack of personal jurisdiction.

## II.     Jurisdiction over Ermaksan is not authorized by the Massachusetts Long Arm Statute.

Under the Massachusetts Long Arm Statute, a non-resident defendant must meet one of the following requirements to establish jurisdiction:

(a) transacting business in Massachusetts; (b) contracting to supply services or things in Massachusetts; (c) causing tortious injury in Massachusetts while in Massachusetts; (d) causing tortious injury in Massachusetts by an act or omission outside of Massachusetts if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in Massachusetts; (e) having an interest in, using or possessing real property in Massachusetts; or (f) contracting to insure a person or property in Massachusetts.

M.G.L. c. 223A, § 3.G.L. c. 223A, § 3.

Although Plaintiffs generally and in a conclusory manner state that Ermaksan conducts business in Massachusetts, they provide no additional evidence to support exercising jurisdiction over Ermaksan. Throughout the record, there is no reference to Ermaksan doing business in Massachusetts. As Plaintiffs' complaint states, Ermaksan is located in Turkey and does business in Turkey. See Second Amended Complaint, ¶ 6. As one commentator has noted, the long-arm statute requires that two questions be answered before jurisdiction is determined: do the defendant's actions fit into one of the mostly concrete categories listed in the statute (such as a "tortious injury by an act or omission in the commonwealth" or "having an interest in, using or possessing real property in this commonwealth") and, if so, does the suit arise from these types of actions?  James P. Rooney, Rethinking the Long-Arm Statute, 100 Mass. L. Rev. 57, 66 (2019).

First, the Plaintiffs can point to nothing that would demonstrate that Ermaksan has been transacting business in Massachusetts or contracting to supply services or things in Massachusetts. Ermaksan did not introduce the Subject Machine to a party in Massachusetts or sell the machine with knowledge that the Subject Machine would end up in Massachusetts. See Serhan Senyurt Declaration, ¶ 17. Ermaksan does not consistently solicit or engage in business there. In fact, Ermaksan does not even ship any of its products directly to customers in Massachusetts or anywhere else, but rather, Ermaksan's customers pick up the product from Turkey. *Id.*, ¶ 9.

Moreover, Ermaksan did not travel into the Commonwealth and commit a tortious injury. It does not attend tradeshows in Massachusetts. *Id.*, ¶ 18. It does not have employees, assets, offices, or facilities in Massachusetts, nor does it have an agent for service of process in this state. *See id.*, ¶ 5-6. It does not have a bank account or pay taxes in Massachusetts and has not and does not consent to being in the State or Federal Court of Massachusetts. *Id.*, ¶¶ 10-11. Also, Ermaksan has not directly conducted any advertising or marketing activities to or in Massachusetts. *Id.*, ¶ 12. Further, no alleged activity or omission taken outside the boundaries of Massachusetts lead to a tortious injury because Ermaksan does not engage in the type of behavior described in the long arm statute.

This final point is likely to be advanced by the Plaintiff, but a decision from this very Court squarely undermines that position. In *Katz v. Spinello Cos.*, 244 F. Supp. 3d 237, 255 (D. Mass. 2017), the Court considered a tort action for wrongful death arising from the crash of a Gulfstream aircraft during takeoff from Hanscom Airport in Bedford, Massachusetts. The plaintiffs there, like the Plaintiff here, sought to stretch the Massachusetts long-arm statute— specifically subsection (d) of Mass. Gen. Laws ch. 223A, § 3—to reach an out-of-state defendant based on alleged tortious conduct that occurred elsewhere. To do so, they were required to establish both that the injury occurred in Massachusetts and that the defendant had some business connection with the Commonwealth.

While the injury in *Katz* did occur in Massachusetts, the particular aircraft at issue had not been sold to a Massachusetts buyer. The plaintiffs nevertheless argued that jurisdiction existed because Gulfstream had sold other planes—at least ten—to Massachusetts customers. Even accepting those facts, the Court declined to find that such limited contacts were sufficient to support personal jurisdiction under subsection (d). The Court made clear that merely doing

some business in Massachusetts does not automatically satisfy the statute where the alleged tortious act took place entirely outside the Commonwealth.

Thus, *Katz* directly refutes any claim that jurisdiction may be based solely on general business activity in Massachusetts when the alleged wrongful conduct occurred elsewhere. The case confirms that subsection (d) of the long-arm statute demands a nexus between the defendant's in-state activities and the specific tort at issue—a requirement the Plaintiff cannot meet here. While at one time these circumstances might have justified general jurisdiction over Gulfstream, the Supreme Court has limited such jurisdiction to states "in which the corporation is fairly regarded as at home," such as states in which it is domiciled, its place of incorporation, and its principal place of business. *Goodyear Dunlop Tires Operation S.A. v. Brown,* 564 U.S. 915, 924 (2011).[1] Additionally, Ermaksan does not own or lease any property in Massachusetts, does not have any employees there nor any other assets there and does not have any contracts to insure a person or property in Massachusetts. See Senyurt Dec. ¶¶ 5-6.

Therefore, Plaintiffs cannot establish the requirements to meet the long-arm statute of Massachusetts that provides personal jurisdiction over Ermaksan. However, even if Plaintiffs could prove that Ermaksan is subject to Massachusetts' long-arm statute, that is not the end of the inquiry because the Plaintiffs still fail to establish that Ermaksan is subject to general or specific jurisdiction under the Due Process Clause of the Constitution. This is due to the First Circuit Court's determination that it "may sidestep the statutory inquiry and proceed directly to the constitutional analysis . . . because the Supreme Judicial Court of Massachusetts has

---

[1] The Court's attention is also drawn to the decision of this Court in *Weinberg v. Grand Circle Travel LLC,* 891 F.Supp.2d 228, 252 (2012), wherein Judge Young opined that, while unfortunate (because foreign defendants can reap the benefits of obtaining American business and not be subject to suit in our country) on the question of personal jurisdiction over foreign corporations "this Court must follow the law as authoritatively declared." Id at 252.

interpreted the state's long-arm statute 'as an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States.'" *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 52 (1st Cir. 2002).

### III.    Plaintiffs also fail to establish general jurisdiction over Ermaksan, thus not comporting with Due Process.

General jurisdiction exists when the litigation is not directly based on the defendant's forum-based contacts, but when the defendant has engaged in continuous and systematic activity, unrelated to the suit, in the forum state. *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001); *see also Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,* 142 F.3d 26, 34 (1st Cir. 1998). The standard for evaluating whether a Defendant's contacts satisfy the constitutional general jurisdiction test "is considerably more stringent" than that applied to specific jurisdiction questions. *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216 (1st Cir.1984). In addition, courts must exercise even greater care before exercising personal jurisdiction over foreign nationals. *See Asahi Metal Indust. Co. v. Superior Court*, 480 U.S. 102, 115, 107 S.Ct. 1026, 1033-34, 94 L.Ed.2d 92 (1987).

Instructive are two cases from the First Circuit.  First, in *Glater v. Eli Lilly & Co.*, 744 F.2d 213 (1st Cir. 1984) the court found that a manufacturer who advertised, employed eight sales representatives to distribute information, and sold products to distributors in the forum was not subject to general jurisdiction. *See* 744 F.2d at 217.  At hand is nothing approaching such selling efforts by Ermaksan as were found in *Glater* which were determined by another First District opinion to be "intense, active, and frequent." *Noonan v. Winston Co.,* 135 F.3d 85 (1st Cir. 1997).

Second, in *Donatelli v. National Hockey League,* 893 F.2d 459, 471 (1st Cir.1990) the First Circuit found that ten years of providing league officials at exhibition hockey games,

scouting, providing television broadcasts, and selling products bearing the National Hockey League (NHL) logo, taken together, did not meet the due process test. *See Donatelli v. Nat'l Hockey League,* 708 F.Supp. 31, 35 (D.R.I.1989) (reciting facts), *reversed* 893 F.2d 459 (1st Cir.1990). Again, in *Donatelli*, though there was consistent and continuous activity for 10 years, far greater than anything Ermaksan might have done in Massachusetts, the court still denied jurisdiction.

General jurisdiction means that state or federal courts, in a given state, can hear any and all claims against a defendant, even if the case has nothing to do with the state. Until recently, in the federal scheme, a corporation was typically subject to general jurisdiction only where it was "at home" — where it was incorporated or headquartered. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). In 2023, a divided Supreme Court approved a different basis for all-purpose jurisdiction over corporate defendants: registration to do business in a state. In *Mallory v. Norfolk Southern Railway*, a five-Justice majority held that the Due Process Clause allows a state to hear any and all claims against a corporate defendant registered to do business there — at least if state law "is explicit" that registration is a basis for general jurisdiction and the company has a substantial in-state presence. *Mallory v. Norfolk Southern Railway,* 600 U.S. 122 (2023).  On these facts, the majority said the company has validly consented to suit for all purposes.[2]

Not only is Ermaksan not registered in Massachusetts for any kind of business purposes, Ermaksan also lacks any kind of continuous, frequent, or intense business activities within the state. Ermaksan's principal place of business and only office is in Bursa, Turkey. Senyurt Dec. ¶

---

[2] The *Mallory* majority opinion also refused to speculate about whether due process would allow general registration-jurisdiction on "any other … set of facts." *Id.* at 135.  In the plurality portions of his opinion, Justice Gorsuch emphasized the extent of the corporate defendant's in-state activities there, *Id.* at 142–43. and Justice Samuel Alito's concurrence noted that the case involved "a large company … actively engaged in business" in Pennsylvania. *Id.* at 152 (Alito, J., concurring in part).

3. Ermaksan has no substantial or continuous and systemic activities in Massachusetts as it does not directly conduct any advertising or marketing activities to or in Massachusetts. Senyurt Dec. ¶ 12. Ermaksan also does not have any offices, agents, or facilities in Massachusetts. *See* Senyurt Dec. ¶¶ 5-6. More importantly, in light of the *Mallory* decision, Ermaksan is not registered to do business in the State of Massachusetts and never has been. *See* Senyurt Dec. ¶ 4. Plaintiffs have not pled any facts to the contrary or provided any allegations that render the Massachusetts court having general jurisdiction over Ermaksan.

### IV. Not only is there no general jurisdiction over Ermaksan, but Plaintiff's cannot prove there is specific jurisdiction over Ermaksan.

To establish specific personal jurisdiction, consistent with the Due Process Clause, three conditions must be met. *See Costa v. FCA US LLC*, 542 F. Supp. 3d 83, 93 (D. Mass. 2021). These three conditions are: the claim underlying litigation must directly arise out of, or relate to, Ermaksan's forum-state activities; Ermaksan's in-state contact must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making Ermaksan's involuntary presence before the state's courts foreseeable; and third, the exercise of jurisdiction must be reasonable. *Id*. Here, not only does Ermaksan lack any kind of forum-state activity, but its involuntary presence also does not amount to any kind of purposeful availment that would reasonably allow a Massachusetts state court to exercise jurisdiction.

The first prong of specific jurisdiction requires a demonstrable nexus between plaintiff's claims and defendant's forum-based activities. *See Lewis v. Dimeo Const. Co.*, No. 14-CV-10492-IT, 2015 WL 3407605, at *3 (D. Mass. May 27, 2015); *see also Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). When it comes to tort claims for alleged product defects, this relatedness test focuses on whether contacts with Massachusetts

relate to the sale or marketing of the product causing injury. *See Lewis v. Dimeo Const. Co.*, at *3. First and foremost, Ermaksan does not directly conduct any advertising or marketing activities to or in Massachusetts. Senyurt Dec. ¶ 12. Ermaksan also does not directly service products in the United States. Senyurt Dec. ¶ 19. It is Ermak USA who markets, distributes, and services Ermaksan products in the United States. Senyurt Dec. ¶ 21. Plaintiffs have failed to demonstrate a causal nexus between its claims and its jurisdictional allegations over Ermaksan. Therefore, without any other support or evidence, it is clear that Plaintiffs fail to satisfy the relatedness prong required under specific jurisdiction.

Further, ordinarily, courts respect the legal independence of a corporation and its subsidiary when determining if a court's jurisdiction over the offspring begets jurisdiction over the parent. *See, e.g., Cannon Mfg. Co. v. Cudahy Packing Co*., 267 U.S. 333, 336-37, 45 S.Ct. 250, 251, 69 L.Ed. 634 (1925); *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 905 (1st Cir.1980). The presumption of corporate separateness may be overcome only by clear evidence that the parent in fact controls the activities of the subsidiary. *Escude Cruz*, 619 F.2d at 905. And under Massachusetts common law, disregarding the corporate form is permissible only in rare situations. *See Pepsi-Cola Metro. Bottling Co. v. Checkers, Inc*., 754 F.2d 10, 15-16 (1st Cir.1985) (establishing criteria to be evaluated in considering veil piercing under Massachusetts law); *see also My Bread Baking Co. v. Cumberland Farms, Inc*., 353 Mass. 614, 233 N.E.2d 748, 751-52 (1968) (similar).

Ermaksan and Ermak USA have separate management and keep separate records. Senyurt Dec. ¶ 23. Ermak USA is not a subsidiary of Ermaksan. Senyurt Dec. ¶ 22. There is no evidence of any kind of controlling relationship between Ermak USA and Ermaksan that is sufficient enough to establish personal jurisdiction over Ermaksan, through Ermak USA's

activities. Ermak USA is a completely separate legal entity from Ermaksan. Rodpolu Dec. ¶ 6.

Furthermore, there is nothing establishing that Ermak USA is a "division" or "department" of

Ermaksan or that Ermaksan "dominates" and is actively and directly participating in Ermak

USA's corporate affairs. *See Katz v. Spiniello Companies*, 244 F. Supp. 3d 237, 254 (D. Mass.

2017). Ermak USA is not a subsidiary of Ermaksan. Senyurt Dec. ¶ 22. Ermak USA acts

completely independently from Ermaksan. Rodpolu Dec. ¶ 7. Therefore, without the

establishment of any kind of control over Ermak USA, Ermaksan must only be regarded as an

entirely separate corporation, over which this Court has no jurisdiction.

The second part of the test for specific jurisdiction is based on whether there is

purposeful availment. *See Lewis v. Dimeo Const. Co.*, No. 14-CV-10492-IT, 2015 WL 3407605,

at *3 (D. Mass. May 27, 2015). When there is a foreign manufacturer, the court's inquiry focuses

on whether there is any additional conduct of the defendant, indicating an intent or purpose to

serve the market in the forum state. *Id*. at*4. The examples listed by the court in *Lewis v. Dimeo

Const. Co.*, demonstrating purposeful availment of a foreign defendant, include designing the

product for market in the forum state, advertising in the forum state, establishing channels for

providing regular advice to customers in the forum state, or marketing the product through a

distributor who has agreed to serve as the sales agent in the forum state. *Id*.

Ermaksan has failed to purposefully avail itself by any of the means listed above. Further,

the U.S. Supreme Court has decided a case that is directly on point and cuts against the argument

for personal jurisdiction of Ermaksan. In 2011, the Court decided *J. McIntyre Machinery, Ltd. v.

Nicastro* and held that a person injured in New Jersey by a machine manufactured by the

defendant in England could not sue in New Jersey because the defendant sold its machines to a

distributor and did not control where the machines were resold. 564 U.S. 873, 886 (2011). The

Supreme Court reversed the decision of the Superior Court of New Jersey in an opinion by

Justice Anthony Kennedy who wrote:

> Although the New Jersey Supreme Court issued an extensive opinion with careful attention to this Court's cases and to its own precedent, the 'stream of commerce' metaphor carried the decision far afield….Due process protects the defendant's right not to be coerced except by lawful judicial power." *Id.*

Based on the reasoning in *J. McIntyre Machinery, Ltd.,* a manufacturer is not considered

to have been engaging in conduct purposefully directed at Massachusetts when a U.S. distributor

just sends the products of a foreign manufacturer. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.

Ct. 2780, 2790-91 (2011). As previously stated, Ermak USA is not a subsidiary of Ermaksan, nor

does it have a parent-company relationship with Ermaksan. Rodpolu Dec. ¶ 5. Ermaksan does

not own Ermak USA. Rodpolu Dec. ¶ 6. Further, Ermaksan is a separate legal entity and cannot

be connected to Massachusetts via Ermak USA's actions. *See* Rodpolu Dec. ¶ 7.

While Plaintiffs have not demonstrated relatedness between Plaintiff's injury and

Ermaksan and Ermaksan has not purposefully availed itself in Massachusetts, it can also be said

that the last element of specific jurisdiction related to reasonableness is not met. The third factor

that assists in determining whether the exercise of jurisdiction would be reasonable is measured

by whether the court's exercise of jurisdiction comports with fair play and substantial justice.

*Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 29 (1st Cir. 2008). Here, the burden of subjecting

Ermaksan to a lawsuit in Massachusetts is disproportionate, as it has no ongoing or prior

connection to the state. As consistently stated, Ermaksan's principal place of business is in

Bursa, Turkey. Senyurt Dec. ¶ 3. Subjecting and burdening Ermaksan to the jurisdiction of this

Court, thousands of miles away, would offend the traditional notions of fair play and substantial

justice. *Id.*, at 30 (*quoting Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. &*

*Placement*, 326 U.S. 310, 316, (1945)). Thus, based on the reasons set forth above, Ermaksan should be dismissed based on this Court's lack of jurisdiction.

## V.      Conclusion

There is no personal jurisdiction over Defendant Ermaksan under the Massachusetts Long Arm Statue or under the Due Process Clause. Plaintiffs do no more than conclusory allege jurisdiction over Ermaksan but fail to satisfy any of the jurisdictional elements. Ermaksan is not subject to this Court's jurisdiction under the Massachusetts Long Arm Statute, and nothing in the pleadings have been established otherwise. Further, neither general nor specific jurisdiction can be established to properly subject Ermaksan Turkey to this Court's jurisdiction. Thus, because Plaintiffs cannot satisfy personal jurisdiction over Ermaksan, Ermaksan respectfully requests that it be dismissed from this case with prejudice, and any other relief this court finds appropriate and just.

Respectfully Submitted,

/s/ Sean M. Sharp
Sean Sharp (pro hac vice)
Kennedy Snyder (pro hac vice)
Atom Law Group, LLC
770 N. LaSalle Dr., Suite 700
Chicago, Illinois, 60654
(P) 312-493-8000
(F) 312-943-4984
ssharp@atom.law
ksnyder@atom.law

Francis G. McSweeney #682922
Regan & Kiely LLP
40 Willard Street, Suite 304
Quincy, Massachusetts 02169
(P) 617-723-0901
fgm@regankiely.com

Chris Cosentino (pro hac vice pending)
The Cosentino Law Firm, LLC
226 S. Batavia Ave.,
Batavia, Illinois, 60510
(P) 630-377-9730
(F) 630-377-9751
chris@cosentinolaw.net

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 11, 2025.

/s/ Sean Sharp
Sean Sharp