UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IVAN LAGUNA, and<br>MARGARITA LOPEZ<br>    Plaintiffs<br><br>v.<br><br>LAZER SAFE, PTY, LTD,<br>FIESSLER ELECTRONIK GmbH & CO., KG.,<br>ERMAK USA, INC.,<br>ERMAKSAN TURKEY, aka<br>ERMAKSAN MAKINA SANAYI VE TICARET A.S., and<br>JOHN DOE DISTRIBUTOR<br>    Defendants | )<br>)<br>)<br>)<br>)    C.A. No. 3:23-CV-30016<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF ERMAKSAN EXHIBIT C DECLARATION OF SENOL RODOPLU**

Now come the Plaintiffs and move this Court to strike paragraphs 5, 6, 7, 8 of the sworn affidavit of Senol Rodoplu, titled Exhibit C "Declaration in Support of Ermaksan Turkey's Renewed Motion To Dismiss" ("the Declaration") for the following reasons:

1.) The statements contained in paragraphs 5, 6, 7, 8, of the Declaration tend to contradict sworn deposition testimony of Senol Rodoplu taken on October 29, 2024 (Exhibit 1 attached hereto) as to how he, as Vice President of Ermak USA, relies upon Ermaksan Turkey service technicians to provide technical assistance to his customers in the United States and Massachusetts.

- Paragraph 5 states: "Ermak USA is not a subsidiary of Ermaksan and has no parent-company relationship with Ermaksan."

- Paragraph 6 states: "Ermaksan does not own Ermak USA and is a completely separate legal entity from Ermak USA."

- Paragraph 7 states: "Ermak USA acts completely independently from Ermaksan."

- Paragraph 8 states: "Ermak USA has separate management from Ermaksan."

The above statements attempt to contradict Mr. Rodoplu's deposition testimony on p.9 of lines 4 - 20 of Exhibit 1, when he testified as follows:

Q    *And for the purposes of today's deposition, I'm referring to Ermak USA, but I'll also be asking you questions about Ermaksan in Turkey. Ermaksan Turkey, what is their -- what is your understanding of their relationship to Ermak USA?*

A    *Ermak USA sells products made by Ermaksan Turkey and services them, provide service and spare parts for Ermaksan products.*

Q    *And does -- okay. And do you hold any position with Ermaksan Turkey?*

A    *I -- I was sent to this position -- I was promoted to this position by Ermaksan ownership.*

Q    *When did you work at Ermaksan Turkey?*

A    *I started working for Ermaksan back in November 2011, and I was promoted to -- promoted to my current position, as I said, March 2013. (*Id).

This deposition testimony of Mr. Rodoplu describes how Ermaksan operated as the owner or controller of Ermak USA, and the alleged boundaries between the entities are blurred by Ermaksan promoting Mr. Rodoplu from working in a management position in Turkey for Ermaksan to working in the USA as Vice President of Ermak USA.

These Declaration statements also attempts to contradict Mr. Rodoplu's deposition testimony as to how he uses Ermaksan Turkey technical service employees to work on service issues in the USA, which demonstrates a united operation of the related entities.  Mr. Rodoplu testified that he regularly contacts Ermaksan's technical services team in Turkey when he needs technical assistance with customers; and Ermaksan Turkey technicians travel to the United States for service; "Whenever I need extra help with my customer, yes, I do ask them for support, and

based on my inquiry, they do come here to support my customers." (Ex.1 at p.11 line 9 to p.12 line 4).

Mr. Rodoplu testified that Ermak USA has a website, and Ermaksan Turkey IT department is in charge of the website. (Ex. 1 p. 13 lines 1 – 10).

Mr. Rodoplu also testified that in October 2019, he discussed "internally" with Ermaksan Turkey, how to diagnose the Subject Machine malfunction, and sell the Lazer Safe replacement components and software; and that this form of email discussion is how Ermak USA usually works with Ermaksan Turkey with technical or specific issues. (Ex. 1 p.34 line 6 to p.37 line 7).

**ARGUMENT**:

The First Circuit has consistently held that "when an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed" _Armstrong v. White Winston Select Asset Funds, LLC_, 647 F.Supp.3d 36 (2022) ) [1].    This principle was first articulated in _Colantuoni v. Alfred Calcagni & Sons, Inc._, 44 F.3d 1, 4-5 (1st Cir. 1994), and has been reaffirmed in numerous cases, including _Reynolds v. Steward St. Elizabeth's Medical Center of Boston, Inc._ , 364 F. Supp. 3d 37, 52 (D. Mass. 2019); _Escribano- Reyes v. Professional Hepa Certificate Corp._ , 817 F.3d 380, 387 (1st Cir. 2016). _Ayala v. Kia Motor Corporation_, 633 F.Supp.3d 547 (2022);

Therefore, the attempt by Ermaksan to manufacture contradictory testimony through its Exhibit C Declaration of Senol Rodoplu should be stricken as to paragraphs 5, 6, 7, 8.

    Respectfully submitted,
    Ivan Laguna and Margarita Lopez
    By their Attorneys,

    /s/Michael J. Mascis
    Richard J. Sullivan; BBO # 554085

Michael J. Mascis; BBO # 541772
Sullivan & Sullivan, LLP
83 Walnut Street
Wellesley, MA 02481
(781) 263-9400
rsullivan@sullivanllp.com
mmascis@sullivanllp.com

**CERTIFICATE OF SERVICE**

    I, Michael J. Mascis, attorney for the plaintiffs, certify that on November 26, 2025, I caused to be electronically filed the foregoing Plaintiff Opposition to Defendant Ermak USA and EMT Motion To Dismiss with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/Michael J. Mascis*
Michael J. Mascis

4