UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IVAN LAGUNA and ) <br> MARGARITA LOPEZ ) <br>       Plaintiffs ) <br> ) <br> v. ) <br> ) <br> LAZER SAFE, PTY, LTD, ) <br> FIESSLER ELECTRONIK GmbH & CO., KG., ) <br> ERMAK USA, INC., ) <br> ERMAKSAN TURKEY, aka ) <br> ERMAKSAN MAKINA SANAYI VE TICARET ) <br> A.S., and ) <br> JOHN DOE DISTRIBUTOR ) <br>       Defendants. ) <br> ) | C.A. No. 3:23-CV-30016 |

**DEFENDANT ERMAKSAN TURKEY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF ERMAKSAN REPLY BRIEF**

NOW COMES, Defendant Ermaksan Turkey aka Ermaksan Makina Sanayi Ve Ticaret ("Ermaksan" or "Defendant"), by and through undersigned counsel, and hereby files its response in opposition of Plaintiffs Ivan Laguna and Margarita Lopez's ("Plaintiffs") Motion to Strike Paragraph 6 of additional sworn affidavit of Senol Rodoplu, titled Exhibit B, "Declaration in Support of Ermaksan Turkey's Reply In Support of its Renewed Motion to Dismiss" ("the Declaration"). In support of its response, the Defendant states the following:

1. On November 11, 2025, Defendant filed its Motion to Dismiss for Lack of Jurisdiction.

2. Plaintiffs lately filed a response in opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction, along with a Motion to Strike Portions of Ermaksan's Exhibit C[1] on November 26, 2025.

---

[1] Counsel for Plaintiffs did not confer with counsel for Defendant on their motion to strike as required by Local Rule 7.1(a)(2).

1

3. Defendant responded in Opposition to Plaintiff's Motion to Strike Portions of Ermaksan's Exhibit C on December 9, 2025.

4. After conferring with Plaintiffs' counsel, on December 10, 2025, Ermaksan filed an assented to Motion for Leave to File its Reply Brief in Support of its Motion to Dismiss. This Motion was granted on December 11, 2025.

5. On December 11, 2025, Defendant filed its Reply in Support of its Motion to Dismiss to Plaintiff's Response.

6. On December 16, 2025, Plaintiffs filed a new Motion to Strike Portions of Ermaksan's Reply Brief.[2]

7. This Motion was to strike Paragraph 6 of Defendant's Exhibit B attached to its Reply Brief in support of its Motion to Dismiss.

8. Plaintiffs move to strike Paragraph 6 from the Declaration of Mr. Senol Rodoplu. This paragraph states: "*After troubleshooting the PCSS and consulting the manufacturers of the Subject Machine and the PCSS component, Ermak USA determined that ICC needed to replace the PCSS.*"

9. Plaintiffs claim that the above statements are contradictory to Mr. Rodoplu's prior deposition testimony on pages 11-12, 32, 34, 38-39, 41-42. More specifically, Plaintiffs claim that the prior deposition testimony of Mr. Rodoplu states that Ermaksan Turkey technicians conducted the diagnosis and repair needed by ICC. However, these claims misrepresent what was asserted in Mr. Rodoplu's Declaration and fail to allege how they are contradictory to his prior testimony.

---

[2] Counsel for Plaintiff's again did not confer with Defendant's counsel on their second motion to strike, as required by Local Rule 7.1(a)(2).

10. First, Plaintiffs' citation to Mr. Rodoplu's deposition testimony on page 38, that questioned if he knew who performed the installation of the PCSS, is irrelevant. *See* Plaintiffs' Exhibit 1, pg. 38. Plaintiffs' motion moves to strike only Paragraph 6 of Mr. Rodoplu's Declaration which discusses diagnosis and replacement of the PCSS for ICC, not the installation. It is not disputed that ICC, and not Ermaksan, performed the installation. Therefore, this statement on page 38 is irrelevant to the question at hand and is clearly not contradictory to Mr. Rodoplu's testimony related to the diagnosis.

11. Further, Paragraph 6 is not contradictory to Mr. Rodoplu's prior testimony regarding requesting assistance from Ermaksan's technical experts. While Mr. Rodoplu does not have technical expertise related to the Subject Machine and PCSS, Paragraph 6 is clear that Ermak USA consulted the manufacturers prior to making its own determination and recommendation to ICC. This is consistent with Ermak USA's need to hire the manufacturer for installation, as stated by Mr. Rodoplu. This is not contradictory to his statement regarding his technical expertise, or lack thereof, and Plaintiffs do nothing to elaborate how the statements in Mr. Rodoplu's deposition related to the installation of the part and Paragraph 6 of the Declaration related to diagnosis of the repair contradict each other.

12. As to page 41 of Mr. Rodoplu's deposition, Plaintiff is correct in stating that Mr. Rodoplu is not a technician. *See* Plaintiffs' Exhibit 1, pg. 41. There is no mention that Mr. Rodoplu is a technical person in Paragraph 6 of his Declaration. Further, Paragraph 6 of the Declaration explicitly states that Ermak USA consulted the manufacturers of the Subject Machine and PCSS component. This is not contradictory to his prior testimony but rather supports it and helps show that Ermak USA is the party that sends parts to customers and interacts with them.

13. The deposition testimony quoted from page 41 also relates to Mr. Rodoplu's knowledge of how parts from the manufacturers of the Subject Machine and PCSS would be shipped. It does not relate to the consultation for diagnosis and repair, as Paragraph 6 of the Declaration does. Therefore, once again, Paragraph 6 of the Declaration is not contradictory to the deposition testimony discussing how the manufacturers ship their products on page 41 of Exhibit 1.

14. Ermak USA should be allowed to consult the manufacturers of the Subject Machine and PCSS and hire experts on behalf of Ermak USA without subjecting the manufacturer to jurisdiction. Ermak USA contacted Ermaksan for expert technical help. This is not contradicted by Paragraph 6 of the Declaration. Plaintiffs seek a factual determination from the court that when a domestic company consults a foreign manufacturer, the domestic company cannot form its own determination of services needed. This makes no logical or practical sense.

15. If companies like Ermak USA were unable to hire out expert technicians from a foreign manufacturer, without subjecting them to personal jurisdiction, companies would never be able to hire out experts to help with their products. *See Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 115, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987) (holding that the possibility of a Japanese manufacturer being haled into a California court as a result of an accident involving the Japanese manufacturer's components undoubtedly creates a deterrent to the manufacturer and purchasers of the manufacturer's components); *see also Andrews Univ. v. Robert Bell Indus., Ltd.*, 685 F. Supp. 1015, 1023 (W.D. Mich. 1988) (holding that post-contract inspection by a technician, not part of the original sales contract, was not enough to establish purposeful availment).

16. Further, Plaintiffs reference quotes from Mr. Rodoplu's deposition that state how he would ask Ermaksan for support or assistance, *see* Plaintiffs' Exhibit 1, pg. 11, and how he would discuss "internally" with Ermaksan on technical issues, *see* Plaintiffs' Exhibit 1, pg. 34.

17. Paragraph 6 of the Declaration does not contradict these prior statements either. In fact, Paragraph 6 directly states that Ermak USA consulted with the manufacturer of the Subject Machine, which is Ermaksan. Therefore, Paragraph 6 is not contradictory in relation to the prior deposition testimony cited on page 11 and 34 by Plaintiffs.

18. Lastly, Plaintiffs attempt to allege that Paragraph 6 is contradictory to Mr. Rodoplu's deposition testimony on page 32, referring to communications with Ali Evci. Mr. Rodoplu, on page 32 in his prior deposition testimony does not state that Ermaksan Turkey repaired and diagnosed the Subject Machine. *See* Plaintiffs' Exhibit 1, pg. 32.

19. Although Plaintiffs attempt to allege Mr. Rodoplu is contradicting his prior testimony, Plaintiffs cannot demonstrate how any part of Paragraph 6 in the Declaration is contradictory to what Mr. Rodoplu testified on page 32 of his deposition. Paragraph 6 of the Declaration states that Ermak USA consulted the manufacturers of the Subject Machine and PCSS. In order to properly diagnose and recommend the repair to ICC, it needed to consult Ermaksan who had the expert knowledge of what the issue could be. As stated in Paragraph 6 of the Declaration, Ermak USA had consulted with the manufacturer of the Subject Machine. Therefore, there are no contradictions with Mr. Rodoplu's prior testimony.

20. Without providing explanation or demonstrating how Paragraph 6 contradicts Mr. Rodoplu's prior testimony, Plaintiffs fail to show how Mr. Rodoplu's prior testimony is contradicted. At the very least, the references to prior testimony that Plaintiffs cite are ambiguous and cannot be contradicted by the statements in Paragraph 6 of the Declaration that Plaintiffs

move to strike. Further, based on the above, Paragraph 6 of the Declaration only supports the deposition testimony regarding communications with the manufacturers. Thus, Defendant respectfully requests that Plaintiffs' motion is denied.

21.    Further, had Plaintiffs conferred with Defendant on the issues in their motions to strike, as required by Local Rule 7.1(a)(2), Defendant likely could have cleared up Plaintiffs' confusion of the relevant testimony and narrowed the issues before this Court.

WHEREFORE, Defendant Ermaksan Makina Sanayi Ve Ticaret respectfully requests that Plaintiffs' Motion to Strike Portions of Ermaksan Reply Brief be denied in full.

Respectfully Submitted,

/s/ Sean M. Sharp
Sean Sharp (pro hac vice)
Kennedy Snyder (pro hac vice)
Atom Law Group, LLC
770 N. LaSalle Dr., Suite 700
Chicago, Illinois, 60654
(P) 312-493-8000
(F) 312-943-4984
ssharp@atom.law
ksnyder@atom.law

Francis G. McSweeney #682922
Regan & Kiely LLP
40 Willard Street, Suite 304
Quincy, Massachusetts 02169
(P) 617-723-0901
fgm@regankiely.com

Chris Cosentino (pro hac vice)
The Cosentino Law Firm, LLC
226 S. Batavia Ave.,
Batavia, Illinois, 60510
(P) 630-377-9730
(F) 630-377-9751
chris@cosentinolaw.net

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on December 30, 2025.

      /s/ Sean Sharp
      Sean Sharp